UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| URIEL DELGADO,<br><br>      Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA, *ET AL.*,<br><br>      Defendants. | 3:11-cv-00271-LRH-VPC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**<br><br>April 11, 2012 |

      This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant's motion to dismiss (#20).[1] Plaintiff did not oppose and defendant did not file a reply. For the reasons set forth below, the court recommends that defendant's motion to dismiss (#20) be granted and plaintiff's complaint (#11) be dismissed with prejudice.

## I. HISTORY & PROCEDURAL BACKGROUND

      Plaintiff Uriel Delgado ("plaintiff"), a *pro se* inmate, was incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") at the time he filed his civil rights complaint (#11).[2] Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging four claims for relief based on violations of his Eighth Amendment rights. *Id.* Plaintiff originally filed his civil action in the Seventh Judicial District Court of the State of Nevada, and defendant removed the case to federal court (#1). Pursuant to 28 U.S.C. § 1915A, the court screened the complaint and plaintiff's sole remaining claim alleges that defendant correctional officer Robert

---

[1]     Refers to the court's docket numbers.

[2]     Plaintiff failed to update his address with the court and it is unclear whether he remains incarcerated at ESP.

Sedlacek ("defendant") violated plaintiff's rights in connection with a disciplinary hearing in which NDOC found plaintiff guilty of several violations (#10, p. 2).[3]

In his complaint, plaintiff alleges that in a disciplinary hearing, NDOC found him guilty of disobedience, assault, battery, rioting or inciting others to riot, organizing a work stoppage or demonstration, and gang activity (#11, pp. 1-2). Defendant Sedlacek was the hearing officer. *Id.* Plaintiff further claims that defendant Sedlacek violated his due process rights when he failed to provide plaintiff with the evidence against him. *Id.* Further, plaintiff argues that such evidence could not have supported the charges against him. *Id.*

Defendant Sedlacek moves to dismiss plaintiff's complaint for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA") and Administrative Regulation ("AR") 740 (#20). In support of his motion, defendant attaches AR 740 and acting associate warden Claude Willis's declaration which states that he reviewed plaintiff's actual grievance file and found no entries or appeals "regarding the Notice of Charges."[4] *Id.* at Exs. A-B. However, defendant's counsel failed to submit an authenticated version of AR 740 with defendant's motion to dismiss. Notwithstanding this deficiency, the court recommends that defendant's motion to dismiss (#20) be granted due to plaintiff's failure to file an opposition. The court strongly admonishes defendant's counsel yet again to observe the Federal Rules of Evidence and the Federal Rules of Civil Procedure and to attach the required authenticated exhibits.

On October 19, 2011, defendant filed his motion to dismiss (#20). On October 20, 2011, the court issued its standard order pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), informing plaintiff of his rights and responsibilities in responding to dispositive motions (#21). The court *sua sponte* granted plaintiff an extension of time until December 7, 2011 (#23). To date,

---

[3] In its screening order, the court dismissed the State of Nevada and defendant Sedlacek in his official capacity (#10).

[4] Where a defendant argues that no mention is made in plaintiff's grievance file of the constitutional claims at issue, it is sufficient for the defendant to provide a declaration, under penalty of perjury, by a person who has reviewed the actual grievance file for the relevant time period, certifying that the grievance documentation reviewed makes no reference to the constitutional claim at issue.

plaintiff has failed to file an opposition to defendant's motion to dismiss and has failed to request additional time in which to do so. Local Rule ("LR") 7-2 states that, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

On February 13, 2012, the court issued a minute order directing plaintiff to file a notice of change of address with the court on or before March 2, 2012 (#26). The minute order warned plaintiff that failure to file written notification of his change of address violates Local Special Rule ("LSR") 2-2 and will result in dismissal of his complaint with prejudice. *Id.* The minute order was returned as undeliverable (#27). To date, plaintiff has not filed an opposition to defendant's motion to dismiss, nor has he updated his address with the court.

Prior to dismissal for failure to follow local rules, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). This litigation cannot proceed or be decided on the merits if the court and defendant cannot contact plaintiff, nor should the court or defendant be required to continue to try to resolve the case without the plaintiff's participation. All five factors clearly favor dismissal of this case and the court explicitly warned plaintiff of the consequence of not updating his address.

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

A. **Discussion**

Failure to exhaust is an affirmative defense under the PLRA rather than a jurisdictional requirement, and defendants bear the burden of raising and proving that the plaintiff has not

3

exhausted. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003), *cert denied*, 540 U.S. 810 (2003). Inmates are not required to specifically plead or demonstrate exhaustion in their complaints; rather, it is the defendant's responsibility to raise the issue in a responsive pleading. *Jones*, 549 U.S. at 216.

Failure to exhaust is treated as a matter in abatement, not going to the merits of the claim, and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt*, 315 F.3d at 1119. The court may look beyond the pleadings to decide disputed issues of fact without converting the motion into one for summary judgment; however, "if the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1119-20, *as noted in O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007); *see also Rizta v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365 (9th Cir. 1988) ("[F]ailure to exhaust nonjudicial remedies should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.").

### 1. Prison Litigation Reform Act of 1996

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 739-40 n.5). Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741. Recent case law demonstrates that the Supreme Court has strictly construed section 1997e(a). *Id.* at 741 n.6 ("We will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

Plaintiffs must properly exhaust nonjudicial remedies as a precondition to bringing suit. The

PLRA requires "proper exhaustion," meaning that the prisoner must use "all steps the agency holds out, and doing so *properly* (so that the agency addresses the merits)." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Requiring exhaustion prior to filing suit furthers the congressional objectives of the PLRA as set forth in *Porter v. Nussle*, 534 U.S. 516, 524-25. *See id.* at 1200.

### 2. NDOC Procedures

"Applicable procedural rules [for proper exhaustion] are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218.

The NDOC grievance procedure is governed by AR 740 (#20, Ex. A, pp. 7-20). Defendant attaches to his motion the relevant version of AR 740, which was in effect at the time plaintiff filed his grievance. *Id.* In order for plaintiff to exhaust available remedies at the time of his injury, AR 740 required the following: (1) an informal review level, which "shall be reviewed and responded to by the inmate assigned caseworker" in consultation with other appropriate staff; (2) a first level formal grievance, which "shall be reviewed, investigated and responded to by the Warden;" and (3) a second level grievance, which shall be reviewed and responded to by either the Assistant Director of Operations, Deputy Director of Support Services, Offender Management Administrator, or Medical Director. *Id.* at 10-13.

Once received, NDOC logs informal grievances into a tracking system. *Id.* at 8. The caseworker assigned to the grievance will provide the inmate with a response within forty-five days, unless more time is required to conduct further investigation. *Id.* at 12. If the inmate is not satisfied by NDOC's response to his informal grievance, he may appeal the decision within five days by filing a first level grievance. *Id.* NDOC will provide a response within forty-five days of receipt of the first level grievance. *Id.* at 13. Finally, if the inmate is not satisfied with the first level grievance outcome, he may file a second level grievance, to which the NDOC will respond within sixty days. *Id.* at 13. Inmates may proceed to the next grievance level if they do not receive a response within the time frame indicated in the regulation, except at the second level. *Id.* at 9. Upon completion of the grievance process, inmates may pursue civil rights litigation in federal court.

### B. Analysis - Motion to Dismiss

Defendant Sedlacek moves to dismiss plaintiff's complaint for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA") and Administrative Regulation ("AR") 740 (#20). In support of his motion, defendant attached AR 740 and Claude Willis's declaration which states that he reviewed plaintiff's actual grievance file and found that no entries or appeals were submitted regarding plaintiff's notice of charges. *Id.* at Exs. A-B. Where a defendant argues that no mention is made in plaintiff's grievance file of the constitutional claims at issue, it is sufficient for the defendant to provide a declaration, under penalty of perjury, by a person who has reviewed the actual grievance file for the relevant time period, certifying that the grievance documentation reviewed makes no reference to the constitutional claim at issue.

Notwithstanding that defendant's counsel failed to authenticate AR 740, the court recommends that defendant's motion to dismiss (#20) be granted based on plaintiff's failure to oppose the motion and plaintiff's failure to update his address with the court. The court further recommends that plaintiff's complaint (#11) be dismissed with prejudice.[5]

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that defendant's motion to dismiss (#20) be **GRANTED** and that plaintiff's complaint (#11) be **DISMISSED WITH PREJUDICE**. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal

---

[5] Generally, when a motion to dismiss is granted based on a failure to exhaust administrative remedies, the complaint is dismissed without prejudice. However, because plaintiff has additionally failed to update his address with the court in accordance with LSR 2-2, his complaint may be dismissed with prejudice. Local Special Rule 2-2.

pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendant's motion to dismiss (#20) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's complaint (#11) be **DISMISSED WITH PREJUDICE**.

**DATED:** April 11, 2012.

_____
UNITED STATES MAGISTRATE JUDGE